## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

               Plaintiff,             Civil Action No.
                                             Hon.

v.

                                    **COMPLAINT AND JURY
TRIAL DEMAND**

UNITED PRECISION PRODUCTS CO., INC.,

               Defendant.

_____/

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Michael Gray (currently age 66), who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7-15 below, the EEOC alleges that Defendant, United Precision Products Co., Inc., refused to hire Gray because of age.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were within the jurisdiction of the United States District Court for the Eastern District of Michigan.

3.      Plaintiff, the Equal Employment Opportunity Commission, ("EEOC" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant United Precision Products Co., Inc. ("Defendant" or "UPP"), a Michigan corporation, has continuously been doing business in the State of Michigan and the City of Dearborn Heights and has continuously had at least 20 employees.

2

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.      In or around August 2017, Defendant engaged in unlawful employment practices at its Dearborn Heights factory in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), by denying hire to Michael Gray because of his age, 64.

8.      In August 2017, Gray applied for an open CNC machine operator position with Defendant for which he was qualified.

9.      Gray was referred to Defendant by an employee-leasing company, Advance Staffing.

10.      The Defendant's Plant Superintendent interviewed Gray on August 17,

3

2017.

11.     During the interview, the Defendant's Plant Superintendent:

A.     Asked for and received Gray's age and date of graduation from high school;

B.     Asked for and received Gray's driver's license; and

C.     Twice commented that Gray looked good for his age.

12.     The same day, shortly after the interview, Advance Staffing contacted Defendant by email to follow up on Gray's interview, stating that Gray was pleased with how the interview went.

13.     On August 21, 2017, the Plant Superintendent responded to Advance Staffing's email and indicated that he was concerned that Gray did not have the desire to be in the workforce long-term.

14.     Sixteen minutes later, Advance Staffing emailed a reply to the Plant Superintendent and assured the Superintendent that Gray intended to work for at least another 10 years.

15.     No one from the Defendant responded to this email, and Defendant did not hire Gray.

16.     The effect of the practices complained of in paragraphs 7-15 above has been to deprive Michael Gray of equal employment opportunities and otherwise

4

adversely affect his status as an applicant for employment, because of his age.

17.    The Defendant's practices complained of in paragraphs 7-15 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to hire applicants because of their age.

B.    ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.    GRANT a judgement requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages or prejudgment interest in lieu thereof, to Michael Gray, whose wages are being unlawfully withheld as a result of the acts complained of above;

D.    ORDER Defendant Employer to make whole Michael Gray by providing the affirmative relief necessary to eradicate the effects of its unlawful practices described above, including but not limited to rightful place hiring for Gray,

or in the alternative, payment of appropriate front pay;

E.      GRANT such further relief as the Court deems necessary and proper in the

public interest; and

F.      AWARD the Commission its costs for this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

KENNETH BIRD
Regional Attorney

OMAR WEAVER (P58861)
Supervisory Trial Attorney

/s/   DALE PRICE
Dale Price (P55578)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
DETROIT FIELD OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 226-7808

Dated:       April 14, 2020