UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,                                 Case Number 20-10930

v.                                                  Honorable David M. Lawson

UNITED PRECISION PRODUCTS, INC.,

       Defendant.
_____/

## **CONSENT DECREE**

On April 14, 2020, the Equal Employment Opportunity Commission commenced this action under the Age Discrimination in Employment Act of 1967, as amended (ADEA), 29 U.S.C. §§ 621-34. The Commission alleges in its complaint that the defendant, United Precision Products Company, Inc., (UPP) refused to hire Michael Gray because of his age in violation of the ADEA. The Commission and UPP agreed to settle the case, and on January 28, 2021 they filed a stipulation for entry of a consent decree. The Court has reviewed the pleadings and the record of the proceedings and now finds that it has personal jurisdiction over the parties and subject matter over the claims pleaded in the complaint; the purpose and provisions of the ADEA will be promoted and effectuated by the entry of this Consent Decree; and this Consent Decree is a fair and adequate resolution of the matters in controversy between the parties.

Accordingly, pursuant to the stipulation and consent of the parties (ECF No. 17), the following is **ORDERED, ADJUDGED AND DECREED**.

## **PROHIBITION AGAINST DISCRIMINATION**

1.      UPP and its officers, agents, employees, and successors are enjoined from: (a) using age as a basis to select applicants for hire; and (b) asking an applicant, either verbally or in writing,

for his or her age during the application process; and (c) asking an applicant for a driver's license, identification card or any other documentation that reveals the applicant's age, and (d) asking an applicant questions that would elicit that he or she is age forty (40) or above, including but not limited to graduation dates from high school or college.

## MONETARY RELIEF

2.　UPP shall pay Michael Gray the total sum of $60,000.  Of this monetary payment, $30,000 shall be considered back pay, and $30,000 shall be considered liquidated damages.  UPP shall issue an Internal Revenue Service Form W-2 for the amount designated as back pay, less appropriate taxes and withholdings, and a Form 1099-MISC for the remaining amount.  UPP shall not deduct from any amount the employer's share of any costs, taxes or social security required by law to be paid by UPP.  The payments to Michael Gray shall be mailed directly to his home address by certified mail **on or before February 23, 2021**.  Within fourteen (14) days after Mr. Gray's receipt of the payment, UPP shall send a photocopy of the check and certified mail receipt to Kenneth Bird, Regional Attorney, c/o Dale Price, Trial Attorney, 477 Michigan Avenue, Room 865, Detroit, MI 48226 and to monitoring-eeoc-indo@eeoc.gov.

## POLICY REVISION

3.　**On or before June 9, 2021**, UPP shall develop written policies and procedures concerning age discrimination to conform with the law. The written policies and procedures must include, at a minimum:

　　A.　A clear statement that UPP shall not discriminate against its applicants or employees on the basis of age, and that it shall at all times adhere to its legal obligation to provide, to both applicants and employees, equal treatment regardless of age;

　　B.　A statement encouraging employees to report to a manager if they believe they have been the victim of age discrimination, along with the names and telephone numbers of

managers to whom employees can make such a report, including designation of an alternate person if the alleged discriminator is one of the managers;

        C.     Assurances that UPP will investigate these reports promptly and fairly, and will take appropriate corrective action to eradicate age discrimination, along with a description of the consequences that will be imposed upon violators of the policies;

        D.     An assurance of non-retaliation for persons who believe they have been discriminated against, and for witnesses to such discrimination who may report alleged discrimination to either UPP officials or appropriate state or federal agencies.

The policies shall be distributed to each current employee no later than 14 days after development is finalized and to each new employee when hired. The policy or written documentation that accompanies the policy must clearly state that there is no mandatory retirement age.

## **TRAINING**

4.    UPP shall provide training to all company employees, including managers, agents and officers, on age discrimination, including training on hiring and age-based stereotyping, in accordance with the following:

        A.     The training shall occur **on or before June 9, 2021**. The trainer shall conduct one training session of no less than one hour, plus adequate time for questions and answers, for, at minimum, managers, agents and officers. The training may proceed as live training or as a recorded replay session if COVID-19 concerns suggest that group attendance at a live training session would not be advisable. Non-managerial employees shall attend the live training or, if the training is recorded, a showing of the recorded training. All employees shall register when they attend training, and UPP shall retain the registry for the duration of this Decree and

forward a copy of all attendees to Kenneth Bird, Regional Attorney, at EEOC, 101 West Ohio Street, Suite 1900, Indianapolis, Indiana 46204, and to monitoring-eeoc-indo@eeoc.gov.

        B.      At least 60 days before the live training, UPP shall submit to the EEOC the name(s), address(es), telephone number(s), and resume(s) of the proposed trainer(s), the training dates, and an outline of the training contents to the Commission's Regional Attorney at the address listed above. The Commission may provide reasonable input into the training proposed by UPP no later than 20 days prior to the training.

## REPORTING

5.      UPP shall submit the following in writing and in affidavit form to the Commission's Regional Attorney, at the address provided above, in two reports, the first **on or before June 9, 2021**. The second and final report shall be submitted at least sixty (60) days before the expiration of the decree:

        A.      A copy of the required policies and procedures (see ¶ 3 above.)

        B.      The name, address, position, and telephone number of every company employee who complained about age discrimination of any kind under state or federal law during the period preceding the report. Each report shall include, at a minimum, the nature of the complaint, UPP's investigatory efforts and findings, and the corrective action taken. In addition, UPP shall identify all persons hired as CNC machine operators over the course of the year and provide each such hiree's name and date of birth. The first report shall cover the period beginning six months before February 9, 2021.

        C.      The registry of persons attending the training required above, and a list of personnel employed by UPP on the days of the training. (See ¶ 4 above.)

        D.      Confirmation that (i) the Notice required below (see ¶ 6) was posted, and the locations where it was posted, including a picture of the Notice's placement; and (ii) the

policies and procedures required above (see ¶ 3) were distributed to each current and each new company employee.

### NOTICE POSTING

6.    UPP shall post the Notice attached as Appendix A in a conspicuous place where employee notices are posted at its facility. This Notice shall remain posted throughout the term of this Decree.  In the event that the Notice becomes defaced, marred or otherwise made unreadable, UPP shall post a readable copy of the Notice in the same manner as soon as practicable.

### DURATION

7.    The provisions of this Decree shall remain in full force and effect until February 9, 2023, unless the duration is changed by the Court upon proper motion by a party.

### DISPUTE RESOLUTION AND COMPLIANCE

8.    The Court shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Decree, including, but is not limited to, the power to extend the term of the Decree for failure to comply with its provisions.  Upon motion of the Commission, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree.  The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court and must document those efforts in the motion.  *See* E.D. Mich. LR 7.1(a).  The parties may conduct expedited discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance, with ten (10) business days' notice for depositions, and ten (10) business days for responses to written discovery.

### MISCELLANEOUS

9.    Each party shall bear their own costs and fees incurred as a result of this litigation.

Case 2:20-cv-10930-DML-MJH ECF No. 18, PageID.82 Filed 02/09/21 Page 6 of 7

10. If any provision of this Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

11. UPP will not condition the receipt of individual relief on an agreement from Gray to (a) maintain as confidential the terms of this Decree or the facts or allegations underlying the litigation, (b) waive his statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive his right to apply for a position at UPP.

12. The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of UPP. Before selling any part of its business during the duration of this Decree, UPP must provide notice of this Decree to the buyer along with a copy of this Decree. UPP must provide notice to the Commission as soon as UPP intends to sell any part of its business.

13. The terms of this Decree may be modified only by order of the Court upon proper motion by a party.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated: February 9, 2021

**APPENDIX A**

**NOTICE**

This Notice is being posted to inform you of your rights guaranteed under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-34 (the "ADEA"). The ADEA prohibits discrimination against any applicant or employee based on his or her age with regard to any term or condition of employment including hiring, layoff, recall, promotion, discharge, pay and fringe benefits or as a result of retaliation for the exercise of protected rights or opposition to unlawful employment practices.

The U.S. Equal Employment Opportunity Commission ("EEOC") is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, brings lawsuits in federal court to enforce the employment provisions of the ADEA. Any employee who believes that he/she is the victim of discrimination or harassment has the legal right to file a charge of discrimination with the EEOC. You may contact the EEOC at 800-669-4000.

United Precision Products Company, Inc., supports and will comply with this federal law in all respects and will not take any action against any applicant or employee because they have exercised their rights under this law.

_____   _____

Date             UNITED PRECISION PRODUCTS COMPANY, INC.